IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:05-cv-02471-RCL |
| P. LYNN SCARLETT, Acting Secretary of the Interior, <u>et al.</u>,[1/] | ) ) ) | |
| Defendants. | ) ) ) | |

## **ANSWER**

P. Lynn Scarlett, Acting Secretary of the Interior ("Interior"), and John W. Snow, Secretary of the Treasury ("Treasury") (collectively, "Defendants"), submit the following Answer to the Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint:

1.    Paragraph 1 contains Plaintiff's characterizations of its case to which no response is required.

2.    Defendants admit the allegations contained in Paragraph 2.

3.    As to the allegations in Paragraph 3, Defendants deny that Gale A. Norton is the Secretary of the Interior and aver that P. Lynn Scarlett is the Acting Secretary of the Interior. The remaining allegations are conclusions of law to which no response is required.

4.    As to the allegations in Paragraph 4, Defendants admit that John W. Snow is the Secretary of the Treasury. The remaining allegations are conclusions of law to which no response is required.

---

[1/]    P. Lynn Scarlett is the Acting Secretary of the Interior. Therefore, under Fed. R. Civ. P. 25(d)(1), she is automatically substituted for former Secretary Gale A. Norton.

5.      Paragraph 5 contains Plaintiff's characterizations of its case to which no response is required.

### Jurisdiction and Venue

6.      Paragraph 6 contains Plaintiff's characterizations and conclusions of law to which no response is required.

7.      Paragraph 7 contains Plaintiff's characterizations and conclusions of law to which no response is required.

8.      Paragraph 8 contains Plaintiff's characterizations and conclusions of law to which no response is required.

### Plaintiff's Allegations

9.      As to the allegations in Paragraph 9, Defendants admit that Plaintiff occupies the Colville Indian Reservation in Washington state; that Plaintiff is the beneficial owner of certain lands and natural resources, including timber and gravel reserves, within the Reservation; and that the United States holds title to such lands and natural resources in trust for Plaintiff's benefit. Further, Defendants deny that there are oil, gas, and mineral (except gravel) reserves on the Reservation lands held in trust for Plaintiff's benefit, and aver that the allegation that oil, gas, and mineral reserves are "valuable" is vague and ambiguous, thus precluding Defendants from formulating a response thereto.  As to the allegations in the second sentence, Defendants admit that portions of the lands held in trust for Plaintiff's benefit are used for grazing and agricultural purposes.  Further, Defendants aver that the allegation that lands used by Plaintiff for grazing and agricultural purposes are "valuable" is vague and ambiguous, thus precluding Defendants from formulating a response thereto.

10.     Paragraph 10 contains Plaintiff's characterizations and conclusions of law to which

no response is required.  The cited statute provides the complete statement of its contents and speaks for itself.

11.    Paragraph 11 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited Acts of Congress provide the complete statement of their contents and speak for themselves.

12.    As to the allegations in the first sentence of Paragraph 12, Defendants deny that Interior has exclusive control and management over the trust property of Plaintiff.  Defendants aver that Plaintiff shares in the exercise of control and management over Plaintiff's trust property, and that the extent of Plaintiff's and of Interior's control and management over Plaintiff's trust property is set forth in the provisions of, and regulations implementing, statutes, such as the Indian Self-Determination and Education Assistance Act, Pub.L. 93-638, as well as the contracts entered thereunder between Plaintiff and Interior (commonly known as "638 contracts" or "Section 638 contracts"), which contain a complete statement of their contents and speak for themselves.  Further, Defendants deny that Treasury exercises control and management over the trust property of Plaintiff. As to the allegations in the second sentence, Defendants admit that Interior has approved leases, easements, and other conveyances of interests in lands on Reservation lands that are held in trust for Plaintiff.  As to the remaining allegations in the second sentence, Defendants aver that the responsibilities regarding collection, deposit, or investment of income generated by those lands are defined by the provisions of, and regulations implementing, statutes, such as the American Indian Trust Fund Management Reform Act of 1994, Pub. L. No. 103-412, § 103(a), 108 Stat. 4239, 4241 (codified at 25 U.S.C. §§ 4001-61 (1994)), which contain a complete statement of their contents and speak for themselves.  As to the allegations in the third sentence, Defendants admit that income generated by Plaintiff's trust lands includes funds generated by timber sales, rents, grazing and

agricultural leases, and judgments paid to Plaintiff, and they deny the remaining allegations.

13.    Paragraph 13 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited court opinions provide the complete statement of their contents and speak for themselves.

14.    Paragraph 14 contains Plaintiff's characterizations and conclusions of law to which no response is required.

15.    Paragraph 15 contains Plaintiff's characterizations and conclusions of law to which no response is required.

16.    Paragraph 16 contains Plaintiff's characterizations and conclusions of law to which no response is required.  Defendants aver that Treasury has no responsibility for the administration and management of Plaintiff's trust property.

17.    The allegations contained in the first sentence of Paragraph 17 are broad, vague and ambiguous, and Defendants are thus unable to formulate a response thereto.  Notwithstanding the foregoing, Defendants deny the allegations contained in the first sentence and aver that Defendants do not control "all the books and records of account concerning Plaintiff's trust funds and trust property."  As to the allegations in the second and third sentences, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968.  Notwithstanding the foregoing, Defendants deny the remaining allegations in the second and third sentences, and Defendants aver that Interior has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; a report in 1996 entitled "Tribal Trust Funds Reconciliation Project, Agreed-Upon Procedures and

Findings Report for the Confederated Tribes of the Colville Reservation" for Fiscal Years 1973-1992 (hereinafter "Agreed-Upon Procedures and Findings Report"), which set forth the results of Defendant's project to reconcile Plaintiff's trust accounts for Fiscal Years 1973-1992; in November 1997, a follow-on report entitled "CD&L Disbursement Report" (hereinafter "Follow-On Report"); and from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies that were received by Defendants. Further, Defendants aver that Interior has furnished Plaintiff with financial and accounting data and documentation as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in, e.g., Cheyenne-Arapaho Tribe of Indians of Oklahoma, et al. v. United States, Docket Nos. 342-70 and 343-70 (Ct. Cl. 1981); Confederated Tribes of the Colville Reservation v. United States, Docket No. 178 (Ind. Cl. Comm. 1970); Confederated Tribes of the Colville Reservation, as the Representative of the Joseph Band of the Nez Perce Tribe v. United States, Docket No. 179 (Ind. Cl. Comm. 1970). In addition, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff. Defendants deny the allegations in the fourth sentence.

18.    Paragraph 18 contains Plaintiff's characterizations of the document entitled Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong. 2d Sess. (1992), to which no response is required. The cited document contains a complete statement of its contents and speaks for itself.

19.    As to the allegations in the first sentence of Paragraph 19, Defendants admit that the Agreed-Upon Procedures and Findings Report identified certain errors in Plaintiff's trust fund accounts. Defendants lack information and knowledge sufficient to admit or deny that any errors resulted from the mismanagement of trust funds. As to the allegations in the second sentence, the term "accounting," as used by Plaintiff is vague and ambiguous, thus precluding Defendants from

formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968.  Notwithstanding the foregoing, Defendants aver that Interior has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; in 1996, the Agreed-Upon Procedures and Findings Report; in November 1997, the Follow-On Report; and from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies that were received by Defendants.  Further, Defendants aver that Interior has furnished Plaintiff with financial and accounting data and documentation as part of a judgment or settlement, in satisfaction of Plaintiff's accounting claims in, e.g., Cheyenne-Arapaho Tribe, Docket Nos. 342-70 and 343-70 (Ct. Cl. 1981); Confederated Tribes of the Colville Reservation, Docket No. 178 (Ind. Cl. Comm. 1970); Confederated Tribes of the Colville Reservation, Docket No. 179 (Ind. Cl. Comm. 1970). In addition, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff. The remaining allegations in the second sentence are Plaintiff's characterizations of the document, Misplaced Trust, Bureau of Indian Affairs Mismanagement of the Indian Trust Fund, H.R. Rept. No. 102-499, 102nd Cong. 2d Sess. (1992), to which no response is required, as that document contains a complete statement of its contents and speaks for itself.

20.    Paragraph 20 contains Plaintiff's characterizations and conclusions of law to which no response is required.  The cited Acts of Congress provide a complete statement of their contents and speak for themselves.

21.    Paragraph 21 contains Plaintiff's characterization of various Acts of Congress to which no response is required.  The cited Acts of Congress provides a complete statement of their contents and speak for themselves.

22.    Defendants admit the allegations in the first sentence of Paragraph 22.  The remaining

allegations contain Plaintiff's characterizations and conclusions of law to which no response is required. The cited statutes provide the complete statement of their contents and speak for themselves. Defendants aver that Treasury does not have an obligation to provide an accounting of trusts funds to Tribal and individual Indian beneficiaries.

23.    Paragraph 23 contains Plaintiff's characterizations and conclusions of law to which no response is required. The cited reports and court opinions provide a complete statement of their contents and speak for themselves.

24.    As to the allegations in Paragraph 24, Defendants admit that Interior entered into a contract with the Arthur Andersen accounting firm on May 24, 1991, under which Arthur Andersen was to provide a reconciliation of certain trust fund accounts.

25.    As to the allegations in Paragraph 25, Defendants admit that Plaintiff received the Agreed-Upon Procedures and Findings Report in January 1996 and, again, in April 1996. Further, Defendants admit that Plaintiff received the Follow-On Report in November 1997, and they aver that the remaining allegations are Plaintiff's characterizations and conclusions of law to which no response is required. The Agreed-Upon Procedures and Findings Report and the Follow-On Report provide a complete statement of their contents and speak for themselves.

26.    Paragraph 26 contains Plaintiff's characterization of a quotation from a report prepared by the Arthur Andersen accounting firm to which no response is required. The cited report provides a complete statement of its contents and speaks for itself.

27.    Defendants admit the allegations in the first sentence of Paragraph 27. The remaining allegations contain Plaintiff's characterization of a government report to which no response is required. The cited report provides the complete statement of its contents and speaks for itself.

28.    Paragraph 28 contains Plaintiff's characterizations and conclusions of law to which

no response is required. The cited report provides the complete statement of its contents and speaks for itself.

29.    As to the allegations in the first sentence of Paragraph 29, Defendants admit that Interior communicated with Plaintiff, in writing, regarding the Agreed-Upon Procedures and Findings Report on January 17, 1996; February 14, 1996; April 25, 1996; June 5, 1996; and November 29, 1996, and Defendants admit that Interior provided the Follow-On Report to Plaintiff on November 19, 1997. Further, Defendants aver that those written communications provide the complete statement of their contents and speak for themselves. Defendants admit the allegations in the second sentence.

30.    As to the allegations in Paragraph 30, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, Defendants aver that Interior has furnished and/or continues to furnish Plaintiff with financial and accounting data and documentation, including, from approximately 1980 to 1995, reports entitled "Summary and Detail of Trust Fund Statements"; in 1996, the Agreed-Upon Procedures and Findings Report for Fiscal Years 1973-1992; the Follow-On Report; and from 1995 to the present, periodic statements of performance for Plaintiff's trust fund monies that were received by Defendant. Further, Defendants aver that Interior has furnished Plaintiff with financial and accounting data and documentation as part of a judgment or settlement in satisfaction of certain accounting claims in, e.g., Cheyenne-Arapaho Tribe of Indians of Oklahoma, Docket Nos. 342-70 and 343-70; Confederated Tribes of the Colville Reservation, Docket No. 178; Confederated Tribes of the Colville Reservation, Docket No. 179. Defendant also aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.

## Count I

## Declaratory Judgment

31.     Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 30 above.

32.     Paragraph 32 contains conclusions of law to which no response is required.

33.     As to the allegations in Paragraph 33, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, the Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.  The remaining allegations are conclusions of law to which no response is required.

34.     As to the allegations in Paragraph 34, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, the Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.  The remaining allegations consist of Plaintiff's characterizations and conclusions of law to which no response is required.

35.     Paragraph 35 contains Plaintiff's characterizations and conclusions of law to which no response is required.

36.     Paragraph 36 contains conclusions of law to which no response is required.

37.     As to the allegations in Paragraph 37, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968.

Notwithstanding the foregoing, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds. The remaining allegations are conclusions of law to which no response is required.

38.    Paragraph 38 contains conclusions of law to which no response is required. In addition, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.

39.    As to the allegations in Paragraph 39, Defendants aver that the term "accounting," as used by Plaintiff, is vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, Defendants aver that Treasury has no obligation to provide an accounting to Plaintiff. The remaining allegations are conclusions of law to which no response is required.

## Count II

## Injunctive Relief

40.    Defendants incorporate by reference herein their responses to the allegations in Paragraphs 1 through 39 above.

41.    As to the allegations in Paragraph 41, Defendants aver that the terms "complete and accurate accounting" and "proper accounting," as used by Plaintiff, are vague and ambiguous, thus precluding Defendants from formulating a response thereto, see, e.g., Bogert & Bogert, Trusts and Trustees (rev. 2d ed. 1982), §§ 965-968. Notwithstanding the foregoing, Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds. The remaining allegations are Plaintiff's characterizations and conclusions of law to which no response is required.

- 10 -

42.    Paragraph 42 contains conclusions of law to which no response is required.

43.    Paragraph 43 contains conclusions of law to which no response is required.

44.    Paragraph 44 contains conclusions of law to which no response is required. Defendants aver that Treasury has no obligation to provide Plaintiff with an accounting of Plaintiff's trust funds.

The remainder of the Complaint is Plaintiff's request for relief to which no response is required.

## General Denial

Defendant denies any allegations of the Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## Affirmative Defenses

1.    Plaintiff asserts claims that are barred, in whole or in part, by the Statute of Limitations, 28 U.S.C. § 2501.

2.    To the extent that Plaintiff asserts claims that existed on or before August 12, 1946, those claims are barred by the Indian Claims Commission Act of August 13, 1946, 60 Stat.1049, as amended (formerly 25 U.S.C. §§ 70 et seq.).

3.    Plaintiff asserts claims that are barred, in whole or in part, by the doctrines of laches and equitable estoppel.

4.    To the extent that Plaintiff asserts claims that it or its privies asserted or could have asserted in a prior adjudication in which a court of competent jurisdiction entered a final judgment, those claims are barred, in whole or in part, by the doctrines of *res judicata* and/or *collateral estoppel*.

5.    Plaintiff fails to state a claim upon which relief can be granted.

Respectfully submitted this 24th day of April, 2006,

MATTHEW McKEOWN
Principal Deputy Assistant Attorney General

*/s/ Anthony P. Hoang*
ANTHONY P. HOANG, FL Bar #798193
MARTIN J. LALONDE, IL Bar #6218249
JENNIFER L. ALLAIRE, NJ Bar #4419-2002
United States Department of Justice
Environment and Natural Resources Division
P. O. Box 663
Washington, D.C. 20044-0663
Tel: (202) 305-0241
Tel: (202) 305-0247
Tel: (202) 305-0456
Fax: (202) 353-2021

Attorneys for Defendants


OF COUNSEL:

STEPHEN SIMPSON
KENNETH DALTON
Office of the Solicitor
United States Department of the Interior
Washington, D.C.  20240

TERESA E. DAWSON
Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20240

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a true and accurate copy of the foregoing ANSWER was served on April 24, 2006, by Electronic Case Filing or by regular United States mail, first class postage pre-paid, and by telefax or electronic mail, unless otherwise noted below, on the following counsel:

> Allen V. Farber
> Brian L. Gunn
> GARDNER, CARTON & DOUGLAS
> 1301 K Street, N.W.
> Suite 900, East Tower
> Washington, DC 20005-3317
> Fax: 202-230-5372
>
> Thomas W. Christie
> Office of the Reservation Attorney
> Confederated Tribes of Colville Reservation
> One Colville Street
> Nespelem, WA 99155
> Fax: 509-634-2387

> */s/ Anthony P. Hoang*
> ANTHONY P. HOANG

- 13 -