IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CONFEDERATED TRIBES OF ) <br> THE COLVILLE RESERVATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, ) <br> Secretary of the Interior, *et al.*, ) <br> ) <br> Defendants. ) <br> _____) | No.: 1:05-cv-02471-JR |

**PLAINTIFF'S UNOPPOSED MOTION TO EXTEND
TEMPORARY STAY OF PROCEEDINGS**

Plaintiff Confederated Tribes of the Colville Reservation ("Plaintiff" or "Colville Tribe") respectfully moves the Court to extend the temporary stay of proceedings currently in effect in this case until (a) the first phase of the Tribal Trust Fund Settlement Project ("TTFSP" or "Project")—a cooperative administrative accounting process currently underway between the Intertribal Monitoring Association ("ITMA") and the Office of Historical Trust Accounting ("OHTA") of the United States Department of the Interior—is complete; or (b) 180 days from the date of the Court's order extending the temporary stay, whichever is earlier. Counsel for Defendants has indicated to counsel for Plaintiff that Defendants do not oppose this motion.

As explained below, Plaintiff's ongoing participation in the Project distinguishes this case from the vast majority of the other tribal accounting cases on the Court's docket and warrants an extension of the stay so that the first phase of the Project, which is nearing completion, can be completed.

Plaintiff states the following in support of its Motion:

<u>Procedural History of the Litigation</u>

1.  Plaintiff filed this case on December 27, 2005. Defendants timely filed their Answer on April 24, 2006.

2.  Since Defendants filed their Answer, the parties have filed a series of joint motions for enlargements of time within which to comply with the requirements of Local Civil Rule 16.3. (*See* Dkt. Nos. 13, 16, 19, and 20.) The Court has granted each of these motions. (Dkt. Nos. 14, 17, 19, and 20.)

3.  On July 2, 2007, the Court issued an Order in this case and 37 other tribal trust cases on this Court's docket that temporary stayed all proceedings in those cases from 30 days from the date of the Court's Order. (Dkt. No. 21.) On July 31, 2007, the Court issued an Order in this case and the other tribal trust cases extending the temporary stay of proceedings until August 10, 2007. (Dkt. No. 23.)

<u>Background on ITMA and the Tribal Trust Fund Settlement Project</u>

4.  ITMA is a national non-profit tribal consortium the membership of which is comprised of 65 Indian tribes. Decl. of Mary Zuni in Supp. of Pl.'s Mot. to Extend Stay of Proceedings ("Zuni Decl.") ¶ 2. ITMA was founded in 1990 and is headquartered in Albuquerque, New Mexico. *Id*. ITMA is governed by a 13 member Board of Directors. *Id*. Plaintiff is a member of ITMA and its Chairman, Michael Marchand, serves on ITMA's Board of Directors. *Id.* ¶ 3.

5. ITMA's mission, among other things, includes monitoring the Department of the Interior's trust reform efforts and providing a forum for tribal consultation on trust related issues. *Id*. ¶ 4.

6. In the 1990s, Defendants retained the accounting firm of Arthur Andersen LLP to conduct a tribal trust fund account reconciliation project for each Indian tribe that had trust fund accounts open during the years 1972-1992.

7. On or about May 2003, the Department of the Interior approached ITMA to explore the possibility of entering into a cooperative undertaking that could assist in resolving tribal trust related claims.   (Zuni Decl. ¶ 5.)

8. Following approximately 19 months of negotiations, in December 2004, ITMA and OHTA (an office within the Department of the Interior) entered into a Cooperative Agreement to establish the Tribal Trust Fund Settlement Project ("TTFSP" or "Project"). *Id*. ¶ 6.

9. The Colville Tribe and six other federally recognized Indian tribes agreed to participate as the "pilot project" tribes for the TTFSP. *Id*. ¶ 7.  The six other participating tribes include the Coeur d'Alene Tribe (Idaho), Sac and Fox Nation (Oklahoma), Fort Belknap Indian Community (Montana), Pueblo of Picuris (New Mexico), Confederated Tribes and Bands of the Yakama Indian Nation of the Yakama Reservation (Washington); and the Nez Perce Tribe (Idaho). *Id*.  These tribes were selected, in part, to ensure that the Project included a geographically diverse range of Indian tribes with varying land bases, natural resources, and trust accounts to better ensure that any methodology developed under the Project would be as inclusive and representative of Indian tribes nationwide as possible. *Id*.

10. Among other things, some of the main goals of the TTFSP are for ITMA, OHTA, and the seven tribes participating in the Project ("Project Tribes") to determine if methodologies can be developed to analyze the government's stewardship of Indian trust resources, including the proceeds associated with such Indian trust resources, in order to provide one or more of the Project Tribes with alternative dispute resolution approaches, methodologies, and/or procedures for accomplishing one or more of the following objectives: (a) developing historic or current agreed upon trust account balances; (b) satisfying some or all of the government's obligation to provide an accounting to tribal trust beneficiaries; and (c) resolving some or all claims regarding the government's stewardship of specific trust resources.  *Id*. ¶ 8. Other goals of and additional information about the Project are set forth in a May 7, 2007 briefing paper prepared by ITMA.  *See id*. at Ex. 2.

11. As a component of the TTFSP, ITMA contracted with various experts, including forensic accountants and other professionals with experience working with tribal trust records, to advise ITMA and the participating tribes in the development of the methodology.  *Id*. ¶ 11. Although OHTA has provided the majority of the funding for the Project, ITMA selected these experts independently; ITMA was not required to obtain approval from OHTA before selecting any of these professionals.  *Id*.

12. The Cooperative Agreement encompasses two phases to the Project.  *Id*. ¶ 9. Phase I consists of developing a methodology for utilizing the information contained in the reports prepared by Arthur Anderson LLP for each respective Project Tribe.  *Id*.  Completion of Phase I requires the concurrence of ITMA, each Project Tribe, and OHTA.  *Id*.  In Phase II, the Phase I

methodology will be made available for use by any interested Indian tribes (*i.e.*, Project Tribes or non-Project Tribes) on a completely voluntary basis. *Id*.

13. The scope of the TTFSP is limited to the period from 1972 to 1992, the years covered by the Arthur Anderson reports. *Id*. ¶ 10.

14. Phase I of the Project began with Defendants providing the Colville Tribe and the other participating tribes with their respective tribal trust Arthur Andersen reports and the supporting documents underlying the reports. *Id*. ¶ 12. Using these documents and other information shared by OHTA and the participating tribes, ITMA and OHTA have worked to develop the alternative dispute resolution approaches, methodologies, and/or procedures referred to in Paragraph 10. These efforts have included numerous meetings, multi-day work sessions, and other communications between ITMA, the participating tribes (including Plaintiff), and OHTA during the past 30 months, and they are continuing. *Id*.

15. Assuming the TTFSP progresses to the satisfaction of the participants, ITMA believes that the methodology or other information developed during the course of the Project could be adapted to cover other time periods or other types of trust-related claims. *Id*. ¶ 10. Plaintiff shares this belief and is hopeful that the methodologies developed during the Project will assist it in resolving its claims in the instant litigation.

16. Plaintiff has expended substantial resources—including travel time, staff time and time spent by Plaintiff's elected officials—providing input, commenting on draft documents, and otherwise participating in the development of the Phase I methodology since the beginning of the Project in 2004 and throughout the course of the instant litigation.

17. Phase I of the Project is nearing completion, and ITMA (including Plaintiff and the other participating tribes) and OHTA continue to work to reach agreement on the final elements of the methodology. Although ITMA and OHTA have yet to reach agreement on several key issues, most notably the investment portion of the methodology, the parties are narrowing their differences with each meeting and exchange of drafts.

18. Based on the present rate of progress, it is likely that the Project Tribes will have developed the methodology contemplated in Phase I of the Project by or before December 2007. (Zuni Decl. ¶ 13.) Once such a methodology is developed it will then be submitted for approval by ITMA, each Project Tribes, and OHTA. *Id.*

19. On May 31, 2007, ITMA held an informational meeting on the TTFSP in Denver, Colorado, to provide information and a status update on the status of the Project for interested Indian tribes with pending trust-related lawsuits against Defendants. Representatives from ITMA, OHTA, the Department of the Interior, the Department of Justice, and several Indian tribes attended this meeting. Also attending this meeting were Michael Marchand, Chairman of the Colville Business Council (Plaintiff's governing body), Gail DeLaCruz, also a member of the Colville Business Council and Plaintiff's designated representative to the TTFSP, Brian Gunn, counsel for the Plaintiff, and Anthony Hoang, counsel for the Defendants.

20. Immediately following the May 31 meeting, Chairman Marchand and Mr. Gunn met and conferred in person with Mr. Hoang on a number of matters related to the TTFSP and the instant litigation.

21. Among other things, the parties discussed and agreed that the TTFSP represents a unique opportunity for the parties to work cooperatively to develop a mechanism that might result

in a resolution of the issues and claims in this litigation without the need to resort to protracted litigation.

22.    The parties also discussed Plaintiff's desire to complete work on a joint stipulation with Defendants that addresses the inadmissibility or limitations on the admissibility of the Tribe's past and present participation in the TTFSP and the treatment of documents or communications exchanged or generated in the TTFSP.  Plaintiff has indicated to Defendants that its continued participation in the TTFSP is contingent on the execution of the joint stipulation.  The parties are hopeful and optimistic that the joint stipulation will be completed in the coming weeks.

23.    One the one hand, the granting of this Unopposed Motion would serve the public interest by promoting judicial economy and conserving the parties' limited resources.  Further, it would not cause any undue prejudice or harm to the rights and interests of the parties herein.  On the other hand, the denial of the joint motion would unduly interfere with the parties' ability to confer among themselves and with the tribes in the other tribal trust accounting and trust mismanagement lawsuits and possibly devise an efficient, cost-effective, and resource-conserving way for addressing and handling the 103 cases (or some portion of those cases) that have been filed by Plaintiff and other tribes in this Court and in the United States Court of Federal Claims.

24.    Given the foregoing, an extension of the temporary stay of proceedings in the instant case is warranted because the work being carried out by ITMA (and its contractors), OHTA, Plaintiff, and the other participating tribes may result in the promulgation of a methodology that can be used to resolve all of the claims in the instant case without the need for protracted litigation.  Given Plaintiff's ongoing commitment of resources and personnel time to the TTFSP, the pendency of 103 trust accounting and trust mismanagement cases in various

courts, and other factors, the parties believe that, at this time, continuing to proceed with the Project and extending the temporary stay of this litigation are the most efficient use of the parties' resources.

WHEREFORE, Plaintiff respectfully requests that its Motion be granted.

Respectfully submitted on this 7th day of August, 2007,

_____/s/_____   _____
ALLEN V. FARBER, DC Bar #912865
BRIAN L. GUNN, DC Bar #465438
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C.  20005-1209
Tel: (202) 230-5000
Fax: (202) 230-5300

THOMAS W. CHRISTIE *pro hac vice*
Office of the Reservation Attorney
Confederated Tribes of the Colville Reservation
One Colville Street
P.O. Box 150
Nespelem, WA 99155
Tel; (509) 634-2381
Fax: (509) 634-2387

COUNSEL FOR PLAINTIFF

8/7/07 02:38 PM