12 Ind. Cl. Comm. 541                                                                541

BEFORE THE INDIAN CLAIMS COMMISSION

| | |
|---|---|
| THE SIOUX TRIBE OF INDIANS OF THE CHEYENNE RIVER RESERVATION, SOUTH DAKOTA, | Docket No. 114 |
| THE SIOUX TRIBE OF INDIANS OF THE CROW CREEK RESERVATION, SOUTH DAKOTA, | Docket No. 115 |
| THE SIOUX TRIBE OF INDIANS OF THE LOWER BRULE RESERVATION, SOUTH DAKOTA, | Docket No. 116 |
| THE SIOUX TRIBE OF INDIANS OF THE PINE RIDGE RESERVATION, SOUTH DAKOTA, | Docket No. 117 |
| THE SIOUX TRIBE OF INDIANS OF THE ROSEBUD RESERVATION, SOUTH DAKOTA, | Docket No. 118 |
| THE SIOUX TRIBE OF INDIANS OF THE STANDING ROCK RESERVATION, NORTH DAKOTA AND SOUTH DAKOTA, | Docket No. 119 |
| Plaintiffs, | |
| v. | |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

Decided: August 29, 1963

Appearances:

    William Howard Payne, Attorney of Record in Docket No. 114

    Marvin J. Sonosky, Attorney of Record in Dockets Nos. 115, 116, 118 and 119

    Arthur Lazarus, Jr., Attorney of Record in Docket No. 117

    Attorneys for Plaintiffs,

    Maurice H. Cooperman, with whom was Mr. Assistant Attorney General, Ramsey Clark,

    Attorneys for Defendant.

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                  542

## OPINION OF THE COMMISSION

PER CURIAM. These cases are before the Commission as a result of certain motions filed by defendant and petitioners. All of the cases are extensions of prior Court of Claims cases heard under a jurisdictional act passed in 1920. Under that act (41 Stat. 738) an accounting was had up to June 30, 1925. Upon the passage of the Indian Claims Commission Act (49 Stat. 1069) petitions were filed in the above cases wherein it was alleged that the prior accounting had taken place and that as of the end of that accounting period there existed certain balances belonging to the respective petitioners. It was prayed that defendant be required to audit each and all of petitioners' funds beginning on July 1, 1925 and that such audit show the use and purpose for which petitioners' funds were used or expended from any and all funds then or theretofore in the hands of defendant.

In accordance with the prayers of these various petitions the defendant caused its General Accounting Office to begin preparation of reports setting forth an accounting as requested in the petitions. Due to the extensive nature of the research made necessary by the course and age of the transactions between the defendant and the various tribes it was obvious that such an undertaking would extend over a period of several years. For instance, the original accounting under the jurisdictional act in the Sioux cases had taken some nine years to complete. Because of this the Commission entered orders in these cases allowing defendant sixty days from the date of receipt of the General Accounting Office report in which to answer these petitions.

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                        543

The procedure employed by defendant in these cases under consideration had been to file the General Accounting Office report pertinent to each case along with a motion for a more definite statement or for summary judgment. The body of said motion reads as follows:

> Comes now the defendant, by its Assistant Attorney General, and pursuant to Rule 11(e) moves the Commission for an order directing the plaintiffs to file within sixty days an amended petition making its claim more definite in the following respects:
>
> By specifying separately, with full particulars and details, the instances wherein plaintiffs claim that the defendant is at fault and the particulars upon which the plaintiffs rely to sustain their present general allegation "that their various funds have been depleted by the defendant by improper and illegal disbursements made from said funds by defendant from time to time." (Petition, p. 6).
>
> In the alternative, the defendant moves for summary judgment against the plaintiffs and in support of its motion shows the Commission as follows:
>
> 1. This action seeks to obtain an accounting, subsequent to June 30, 1925, which will show the purposes for which the plaintiffs' funds were used and expended by the defendant since that date. It asks judgment "in such amount as may be found by this Commission to have been illegally or improperly expended by the defendant from the plaintiffs' said funds." (Petition, p. 7).
>
> 2. A prior General Accounting Office report covering the period to June 30, 1925 submitted in 1932, has been adjudicated by the Court of Claims and is not here questioned or involved. (Sioux Tribe v. United States, 105 C. Cls. 658, 725).
>
> 3. On May 22, 1961, the General Accounting Office submitted a supplemental report covering the period from July 1, 1925 to June 30, 1951, setting forth in detail all receipts and disbursements showing uses and purposes with respect to all funds and property of the plaintiffs under all treaties, agreements and acts of Congress. A copy of this report is in the possession of the plaintiffs. The original of this report is herewith tendered as Def. Ex. 1, and is made a part hereof by this reference.

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                              544

>     Wherefore, having rendered its full accounting to
> June 30, 1951, the defendant prays that the Commission enter
> an order (1) requiring the plaintiffs to make their peti-
> tion more definite and certain by alleging specifically
> wherein the defendant has improperly or illegally spent
> or disbursed their funds; and (2) providing that, if the
> petition is not made definite within sixty days, the
> plaintiffs shall be deemed to have no objection to the
> accounting rendered by the defendant and to have abandoned
> the assertion of any claim herein, and that summary judg-
> ment of dismissal shall thereupon be entered against the
> plaintiffs in this action.

Petitioner filed a response in opposition to this motion in which it is stated that the General Accounting Office report shows certain expenditures but that it, "* * * does not show that said expenditures were for the benefit of the Crow Creek Indians or were not made in order to satisfy obligations of the United States under treaties or agreements." Petitioner's response goes on to say that, "The burden of proof is upon defendant to demonstrate that its disbursements from petitioner's trust funds are legal and proper. Sioux Tribe v. United States, supra, at p. 802." In connection with this same principle petitioner cites also Seminole Nation v. United States, 316 U. S. 286 (1941) and Menominee Tribe v. United States, 101 C. Cls. 10 (1944). In addition to the responses to defendant's motions filed by counsel in Docket Nos. 115, 116, 118 and 119, there were filed motions for further accounting facts alleging that the General Accounting Office report, "* * * does not show by what authority the Tribe's funds were expended, how and for what purposes expenditures were made, or that the funds were e ever expended."

Petitioner in Docket No. 114 in its response to defendant's motion raises in different language the same contention that the General Accounting

Exhibit 1 to Motion for Remand

Office report is not responsive and that the procedure used by defendant in these cases is an improper attempt on its part to shift the burden of proof from itself to the petitioners.

Petitioner in Docket No. 117 has filed the same response in opposition to defendant's motion as did petitioners in Docket Nos. 115, 116, 118 and 119.

These motions were set for hearing on August 5, 1963, and were argued together by counsel for all parties in the above-entitled cases. The Commission also had the benefit of argument by counsel for other petitioners and defendant in related cases. The motion of defendant in each case is the same and the responses are sufficiently similar that disposition of one will control all.

The question is the procedure to be followed in these accounting cases. A cursory examination indicates that the remaining accounting cases probably are of the same type and therefore capable of being adapted to the same procedure. With that thought in mind the Commission will set forth its determination as to the proper procedure and will follow it henceforth wherever applicable.

As stated above the procedure used by defendant in these cases consists of the filing of a motion for a more definite statement or for summary judgment and making the General Accounting Office report a part thereof by reference. It is the position of defendant that the filing of the General Accounting Office report is all of the response required of it at this stage of the proceedings and will enable petitioners to point out specifically the instances, if any, wherein they contend that

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                            5.6

defendant has failed to properly account in the handling of their funds. This, defendant, contends, will then put the parties at issue. Petitioners, on the other hand, contend that it is defendant's burden to prove that these expenditures were legal and proper. They maintain that the General Accounting Office report does not constitute a pleading on the part of defendant and that an answer as such must be filed by defendant.

With this the Commission does not agree. The filing of the General Accounting Office reports is a proper response to the petitions. The reports set forth all receipts and disbursements on behalf of the various tribes since July 1, 1925, in accordance with the prayers of the various petitions. The report filed in Docket 114, Sioux Tribe of Indians of the Cheyenne River Reservation, South Dakota, states in part as follows in the introductory on pages 1 and 2:

> The petition of the Sioux Tribe of Indians of the Cheyenne River Reservation, South Dakota, number 114, was filed before the Indian Claims Commission May 24, 1951, under authority of the Act of August 13, 1946, 60 Stat. 1049.
>
> The plaintiffs, on pages 5 and 6 of their petition, allege that the United States held a balance of not less than $1,579,133.01 of plaintiffs' funds on July 1, 1925; that the record in a prior action shows a course of improper conduct by the United States in the use and disposition of funds belonging to plaintiffs; and that funds arising out of the sale of lands under the act of March 2, 1889, 25 Stat. 888, or funds from miscellaneous receipts and other sources have not been accounted for by defendant subsequent to June 30, 1925. Plaintiffs request a complete audit of all of their funds now or heretofore in the hands of defendant, showing use and purpose for which same were used or expended, beginning July 1, 1925.

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                  547

>    The accounting features of this report are divided into
> three parts, designated as parts I, II, and III as set out
> in the table of contents. Part I contains the summary of
> disbursements; Part II, the accounting under the treaty of
> April 29, 1868, the agreement of September 26, 1876, and
> various acts of Congress; and Part III sets out the dis-
> bursements under other than treaty appropriations. Part IV
> contains a tabulation of specific treaty appropriations
> and funds under or from which disbursements were made.

Thus the report shows the primary authority under which expenditures were made. From this report, the treaties and agreements, and the documents available to petitioners in the General Accounting Office it is possible for petitioners to determine which of the various items, if any, reflect a failure on the part of defendant to properly account for its actions in the handling of those particular items.

It is the opinion of this Commission that the desirable procedure to be followed in these accounting cases consists of the filing of the General Accounting Office report by defendant in pursuance of the petition along with such appropriate motion as defendant may see fit under the circumstances. Petitioner will then file in writing within ninety (90) days its specific exceptions, if any, along with its reasons therefor, to any item or items which it contends are in violation of a proper accounting and which should be disallowed. Defendant will file an answer within the usual time. The parties will then be at issue and may proceed to a hearing on the matter. This is the procedure apparently favored by the Commission in prior cases where the problem has arisen although it has never been set forth in its entirety. It appears also to be the procedure followed by the Court of Claims. See <u>The Sioux Tribe, et al</u> v. <u>The United States</u>, 97 C. Cls. 391, 397. In the accounting phase of the

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                      548

case of Klamath and Modoc, et al., Docket No. 100-B, the Commission granted defendant's motion to make more definite and certain. A distinction appears to be proper in that the Klamath case petition makes certain affirmative allegations indicating knowledge on the part of petitioner of specific acts on the part of defendant, while these cases contain primarily requests for a general accounting of certain funds already in existence. It appears that Klamath not only seeks an accounting under various acts of Congress but seeks to create funds thereunder. Under those circumstances a motion to make more definite and certain would lie. We do not believe that the motion lies under a normal accounting case where there exists a fund, general or specific, over which defendant has exercised control and was under a duty to maintain proper accounting records to substantiate its actions.

The contention of petitioners that it is defendant's duty to prove that these expenditures were legal and proper may be applicable, but at a later stage. The question involved here is not one of evidence but of pleading and procedure whereby the production of evidence is regulated. The above contention of petitioners is regulated by substantive law first and by pleading and procedure secondly. The burden of proof is a matter which has concerned many legal writers and appears to be resolved primarily on the basis of what experience has shown to be fair under a specific situation. There seems to be no single rule which can cover all the situations that may arise.

This Commission sitting as both judge and jury must ultimately decide the qeustion of whether the burden of proof has been carried in

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541								549

both the sense of the risk of non-persuasion and of going forward with the evidence. The question immediately before us concerns the determination of a method based upon both the substantive law and pleading whereby both parties to these accounting cases may fairly share the burden of proof in both its senses. We do not believe that the procedure outlined above is an unfair shifting of the burden of proof to either party. On the contrary, we feel that by this procedure the burden is and will be at all times where it should be, depending upon the particular stage of the proceedings.

To begin with the accounting report is in response to the petition and sets forth all of the available information concerning which petitioners have inquired in their petitions. There is as yet no issue in controversy under the pleadings and the problem now is to create an issue or issues if such exists. To do this the defendant must be apprised of what item or items, if any, petitioners are aggrieved. If there are no such items then the matter is terminated and defendant should have summary judgment. To call upon defendant to file an accounting and then point out to petitioners wherein that accounting is wrong under the guise of having to carry the burden of proof, as petitioners seem to wish, would be improper. This is not a burden to be placed on defendant at this time. The accounting reports set forth all monies received and all expenditures made on behalf of the petitioning tribes by defendant. It will not be presumed by this Commission that those figures represent improper conduct on the part of defendant. To place on defendant at this stage of the pleadings the burden of proof

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                          550

as that term is broadly used by petitioners, would be, in effect, to indulge that presumption. Therefore it is necessary that petitioners place, if possible, an issue or issues before this Commission by the most reasonable method. That method consists of exceptions supported by reasons therefor. In this sense the petitioners are carrying the risk of non-persuasion if they would not have the Commission, sitting as judges, grant a motion for summary judgment.

When the exceptions are properly filed the issues are drawn and possibly no other pleading would be necessary in order to go to a hearing. However, in the interest of simplifying those issues and expediting the hearing and decision of the case, it will be required that defendant file an answer admitting or denying, as the case may be, the item or items to which objection has been made and asserting any other matter by way of defense which it may have.

Upon the filing of the answer by defendant the matter may then proceed to a hearing on its merits if desired by either party or the Commission. At such hearing petitioner and defendant will have an opportunity to examine any witness with regard to the accounting report. If no hearing is desired the matter may be submitted on briefs with the right of oral argument if desired by either party or the Commission. This appears to the Commission to be the procedure which is most fair to both parties.

The motions of defendant for a more definite statement or for summary judgment in Dockets Nos. 114, 115, 116, 117, 118 and 119 are denied.

Petitioners' motions for further accounting facts in Docket Nos. 115, 116, 118 and 119 are denied.

Exhibit 1 to Motion for Remand

12 Ind. Cl. Comm. 541                                                                              551

Petitioners will proceed to file their exceptions within the time specified.

Orders to that effect will be entered and copies thereof as well as copies of this opinion will be filed in each of the above captioned cases.

Arthur V. Watkins<br>
Chief Commissioner

Wm. M. Holt<br>
Associate Commissioner

T. Harold Scott<br>
Associate Commissioner

Exhibit 1 to Motion for Remand