IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CONFEDERATED TRIBES OF ) <br> THE COLVILLE RESERVATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, ) <br> Secretary of the Interior, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | No.: 1:05-cv-02471-JR |

**PLAINTIFF'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME WITHIN WHICH TO FILE MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION FOR A REMAND AND STAY OF LITIGATION**

Pursuant to Federal Rule of Civil Procedure 6 and Local Civil Rule 7, Plaintiff respectfully requests that the Court grant this Unopposed Motion for Enlargement of Time within Which to File Memorandum of Points and Authorities in Opposition to Defendants' Motion for a Remand and Stay of Litigation. Counsel for Defendants have informed counsel for Plaintiff that Defendants do not oppose this motion.

The grounds for this Unopposed Motion are as follows:

1. On July 2, 2007, the Court issued an Order in this case and 36 other tribal trust cases on this Court's docket that temporarily stayed all proceedings in those cases from 30 days from the date of the Court's Order and stated that Defendants had "30 days from the date of [the] order to file [their] anticipated remand motion." (Dkt. No. 21.)

2. On July 30, 2007, Defendants filed an Unopposed Motion for Extension of Time to File Motion for Remand and for Extension of Temporary Stay of Litigation (Dkt. No. 22.) In

that motion, Defendants sought an extension through August 10, 2007 to file their remand motion. Plaintiff consented to Defendants' motion. The Court granted Defendants' motion on July 31, 2007. (Dkt. No. 23.)

3. On August 10, 2007, Defendants filed their Motion for Remand and for Stay of Litigation (Dkt. No. 25. ("Remand Motion"))

4. By Plaintiff's calculation, Plaintiff has to and including August 21, 2007 to file its Memorandum of Points and Authorities in Opposition to Defendants' Remand Motion ("Opposition Brief").

5. Plaintiff needs an additional 30 days—to and including September 20, 2007—in order to file its Opposition Brief. Defendants' Remand Motion, together with accompanying declarations, attachments, and other papers, **collectively totals 401 pages of material**. A number of documents associated with Defendants' Remand Motion—most notably the Declaration of Dawn M. Boswell and its attachments—contain technical and historical data that will require in-depth analysis and consideration by Plaintiff. Given the voluminous amount of material associated with Defendants' Remand Motion and the complexity and significance of the issues before the Court, Plaintiff and its counsel requires adequate time to evaluate Defendants' arguments and to prepare a complete, well-researched Opposition Brief.

6. Pursuant to LCvR 7, Plaintiff's counsel conferred with Defendants' counsel about this motion. Brian Gunn, counsel for Plaintiff, discussed the possible need for an extension for Plaintiff to file its Opposition Brief with Anthony Hoang, counsel for Defendants, on July 27 and 30, 2007, respectively, and with Martin LaLonde (also counsel for Defendants) on the morning of August 10, 2007 (before Defendants filed their Remand Motion). Counsel for Defendants

informed Mr. Gunn during those discussions that Defendants would be amenable to an extension. After Defendants filed their Remand Motion and Plaintiff had an opportunity to review it, Mr. Gunn requested in written correspondence to Mr. Hoang 30 additional days for Plaintiff to respond. Mr. Hoang responded in writing that same day and informed Plaintiff that Defendants did not oppose Plaintiff's request for a 30 day extension.

7. The granting of this unopposed motion will not cause any undue prejudice or harm to the rights and interests of the parties herein. As noted above, Defendants were aware that Plaintiff would be seeking an extension before Defendants filed their Remand Motion. Also, pursuant to the Court's July 2 Order, all proceedings in this case are stayed until the Court decides Defendants' Remand Motion. The granting of this Unopposed Motion will promote judicial economy by enabling Plaintiff to provide the Court with a well-researched and well-prepared Opposition Brief (that takes into consideration Plaintiff's unique circumstances) for Court's consideration in deciding the Remand Motion. Denial of this Unopposed Motion, on the other hand, will cause prejudice and harm to Plaintiff in that Plaintiff will not have sufficient time to thoroughly review the 401 pages of material filed with Defendants' Remand Motion and prepare an adequate response.

WHEREFORE, Plaintiff respectfully requests that the Court grant its Unopposed Motion.

Respectfully submitted on this 16th day of August, 2007,

_____/s/_____

ALLEN V. FARBER, DC Bar #912865
BRIAN L. GUNN, DC Bar #465438
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, D.C. 20005-1209
Tel: (202) 230-5000
Fax: (202) 230-5300

THOMAS W. CHRISTIE *pro hac vice*
Office of the Reservation Attorney
Confederated Tribes of the Colville Reservation
One Colville Street
P.O. Box 150
Nespelem, WA 99155
Tel; (509) 634-2381
Fax: (509) 634-2387

COUNSEL FOR PLAINTIFF

DC01/ 529985.1