IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CONFEDERATED TRIBES OF ) <br> THE COLVILLE RESERVATION, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> DIRK KEMPTHORNE, ) <br> Secretary of the Interior, <u>et al.</u>, ) <br>  ) <br> Defendants. ) <br> _____) | Case No. 1:05cv02471-JR |

**PARTIES' JOINT STIPULATION AND [PROPOSED ORDER]
REGARDING COMMUNICATION, REPORT, OR WORK PRODUCT
PURSUANT TO A CERTAIN COOPERATIVE AGREEMENT
<u>AND ANY AMENDMENT THERETO</u>**

WHEREAS Plaintiff Confederated Tribes of the Colville Reservation ("Plaintiff," "Colville Tribe," or "Tribe") commenced this action on December 27, 2005, and Defendants timely filed their Answer on April 24, 2006;

WHEREAS the parties have agreed to obtain or seek to obtain extensions of time or temporary stays of litigation in this case so that they can engage in discussions that may lead to a possible settlement of Plaintiff's trust accounting and trust fund mismanagement claims herein;

WHEREAS the Secretary of the Interior has created the Office of Historical Trust Accounting ("OHTA") within the United States Department of the Interior ("Interior"), for the purpose of providing historical statements of account of individual Indian money ("IIM") accounts and Tribal trust fund accounts. OHTA's mission includes, among other things, compiling, checking, and providing historical accounting records to individuals and Tribes in the form of Historical

Statements of Accounts;

WHEREAS the InterTribal Monitoring Association ("ITMA") is a national tribal consortium consisting of over sixty federally recognized Indian Tribes.  ITMA's mission includes monitoring the United States government's trust reform efforts and providing a forum for tribal consultation on trust issues;

WHEREAS, in December 2004, OHTA and ITMA entered into a Cooperative Agreement to undertake a project ("Project") that would be funded by OHTA to create a methodology that could be used to help Interior and participating Tribes reach agreement about the balances of the Tribes' trust fund accounts, among other things;

WHEREAS Plaintiff Colville Tribe has participated, and is continuing to participate, in activities pursuant to the Cooperative Agreement, which activities include but are not limited to written and oral communications; the preparation of analyses, reports, and other work products; and collaborative undertakings between the Tribe, Interior (including OHTA), their officials, employees, agents, and contractors;

WHEREAS the Tribe reserves the right not to accept or agree with the accuracy or completeness of any such analyses, reports, or work products;

WHEREAS the parties believe that the activities pursuant to the Cooperative Agreement, as well as any amendment thereto, may lead to a settlement of this case, in whole or in part; and

WHEREAS the parties believe that such a settlement of this case, in whole or in part, would avoid placing the undue burden of litigation and the resulting expense of time, resources, and effort on the Court and the parties,

THE PARTIES HEREBY STIPULATE AND AGREE TO THE FOLLOWING:

**I.      Definitions**

1.      "Party" includes the party's elected officials, employees, agents, representatives, counsel, experts, consultants, contractors, and anyone acting on the party's behalf.

2.      "Covered proceeding" means any judicial or administrative proceeding (including those created or established after the date of execution of this Joint Stipulation) that involves Plaintiff (or any department or instrumentality thereof) and Defendants (specifically, the Secretary and the Department of the Interior; the Secretary and the Department of the Treasury; or any subdivision, agency, or instrumentality thereof) and that addresses, either in whole or in part, any legal or equitable claims, assertions, or defenses concerning the management, accounting, reconciliation, audit, or other analyses by Defendants of the funds that Defendants hold in trust for Plaintiff's benefit (including any determinations by Defendants regarding the account balances of Plaintiff's trust funds).  The legal or equitable claims, assertions, or defenses regarding the management by Defendants of the funds that Defendants hold in trust for Plaintiff's benefit include, but are not limited to, those based on Defendants' alleged failure to properly collect trust revenues derived from Plaintiff's non-monetary trust assets or resources.

**II.     Terms and Conditions**

3.      A party shall not offer for admission, seek to admit, or have admitted into evidence, in this case or in any other Covered Proceeding, either of the following: (a) the fact of the other party's participation pursuant to the Cooperative Agreement (as well as any amendment thereto), or (b) any communication, report, or work product (or any portion of the communication, report, or work product) that the party has received from the other party pursuant to the Cooperative Agreement (as well as any amendment thereto), except as provided in Paragraph 4 below.

4. A party may offer for admission, seek to admit, or have admitted into evidence in this case or in any Covered Proceeding, any communication, report, or work product (or any portion of the communication, report, or work product) that the party has received from the other party, pursuant to the Cooperative Agreement (as well as any amendment thereto), only in the following circumstances:

(a) The parties have conferred and agreed, in writing, that the communication, report, or work product (or any portion of the communication, report, or work product) may be filed, submitted, or offered for admission into evidence;

(b) The party that is offering for admission, seeking to admit, or having admitted into evidence a communication, report, or work product (or any portion of the communication, report, or work product), has made, generated, or produced such communication, report, or work product (or any portion of the communication, report, or work product) independently of the other party, and such independently made, generated, or produced communication, report, or work product (or any portion of the communication, report, or work product) does not rely on any communication, report, or work product (or any portion of the communication, report, or work product) that is precluded by this Joint Stipulation and Order;

(c) OHTA and ITMA have consented to the communication, report, or work product (or any portion of the communication, report, or work product), as the case may be, and deemed such communication, report, or work product (or any portion of the communication, report, or work product) to be "final," under the Cooperative Agreement, as well as any amendment thereto;

(d) The communication, report, or work product (or any portion of the communication, report, or work product) is otherwise admissible under applicable law or Rule

408(b) of the Federal Rules of Evidence; or

    (e)    The communication, report, or work product (or any portion of the communication, report, or work product) existed prior to December 6, 2004, i.e., the date of execution of the original Cooperative Agreement by ITMA and OHTA.

5.    A party may offer for admission, seek to admit, or have admitted into evidence in this case or in any Covered Proceeding, any document or any data from which any material protected by the Joint Stipulation and Order has been redacted.

6.    To the extent that the terms of this Joint Stipulation and Order conflict with Fed. R. Evid. 408(a), the terms of this Joint Stipulation and Order shall control.

Respectfully submitted this 24th day of October, 2007,

RONALD J. TENPAS
Acting Assistant Attorney General

/s/ Allen V. Farber, by /s/ E. Kenneth Stegeby,
pursuant to written permission provided
on October 24, 2007

ALLEN V. FARBER, DC Bar #912865
BRIAN L. GUNN, DC Bar #465438
Drinker, Biddle &Reath LLP
1301 K Street, N.W.
Suite 900, East Tower
Washington, D.C.  20005-3317
Tel: (202) 230-5000
Fax: (202) 230-5372

THOMAS W. CHRISTIE, *pro hac vice*
Office of the Reservation Attorney
Confederated Tribes of
  the Colville Reservation
One Colville Street
Nespelem, WA 99155
Tel:  (509) 634-2381
Fax:  (509) 634-2387

/s/ E. Kenneth Stegeby
ANTHONY P. HOANG, FL Bar #798193
E. KENNETH STEGEBY, DC Bar #474127
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Division
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-0241
Tel: (202) 616-4119
Fax: (202) 353-2021

Attorneys for Defendants

OF COUNSEL

MICHAEL A. BIANCO
Office of the Solicitor:
United States Department of the Interior

| | |
|---|---|
| Attorneys for Plaintiff | Washington, D.C.  20240 |
| | TERESA E. DAWSON<br>Office of the Chief Counsel<br>Financial Management Service<br>United States Department of the Treasury<br>Washington, D.C.  20227 |

## **[PROPOSED] ORDER**

    SO ORDERED.

Date:  _____      _____
                                                                                    HONORABLE JAMES ROBERTSON<br>
                                                                                    United States District Court