IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CONFEDERATED TRIBES OF THE COLVILLE RESERVATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.: 1:05-cv-02471-JR |
| DIRK KEMPTHORNE, Secretary of the Interior, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**JOINT STATUS REPORT**

Pursuant to Court's April 17, 2008 minute order, Plaintiff, the Confederated Tribes of the

Colville Reservation ("Plaintiff" or the "Tribe") and Defendants (the parties herein), by their

respective counsel, jointly and respectfully submit this Joint Status Report.

As detailed in previous filings by both parties in this Court, Plaintiff continues to

participate in the Tribal Trust Fund Settlement Project ("TTFSP" or "Project"), a cooperative

undertaking currently underway between the Intertribal Monitoring Association on Indian Trust

Funds ("ITMA") and the Office of Historical Trust Accounting ("OHTA"), which is part of the

United States Department of the Interior.  Accordingly, the parties jointly and respectfully

provide the following information regarding the TTFSP, current proceedings, and proposed next

steps:

**I.      BACKGROUND AND CURRENT STATUS OF THE TTFSP**

A.      <u>ITMA and the TTFSP.</u>

Founded in 1990, ITMA is a national nonprofit tribal consortium, the membership of

which is comprised of 65 Indian tribes. ITMA's mission, among other things, includes

monitoring the Department of the Interior's trust reform efforts and providing a forum for tribal

consultation on trust-related issues. The Tribe is a member of ITMA and has a seat on ITMA's

Board of Directors.

In May 2003, the Department of the Interior approached ITMA to explore the possibility

of entering into a cooperative undertaking that could assist in resolving tribal trust-related

claims. Following 19 months of negotiation, ITMA and OHTA entered into a Cooperative

Agreement ("Cooperative Agreement") to establish the TTFSP in December 2004. Plaintiff and

six other federally recognized Indian tribes agreed to participate as the "pilot project" tribes for

the TTFSP. The other six participating tribes are the Sac and Fox Nation (Oklahoma), Fort

Belknap Indian Community (Montana), Pueblo of Picuris (New Mexico), Confederated Tribes

and Bands of the Yakama Indian Nation of the Yakama Reservation (Washington), the Coeur

d'Alene Tribe (Idaho), and the Nez Perce Tribe (Idaho). These tribes were selected, in part, to

ensure that the Project included a geographically diverse range of Indian tribes with varying land

bases, natural resources, and trust accounts to better ensure that any methodology developed

under the TTFSP would be as inclusive and representative of Indian tribes nationwide as

possible.

The main goals of the TTFSP are to provide Indian tribes with a voluntary mechanism to

determine the possibility of reaching settlement of certain tribal trust fund-related issues and

claims, and to provide tribes and Defendants with a framework for resolving broader trust-

related issues. The scope of the TTFSP is limited to 1972 through 1992—the years covered by

the tribal trust fund reconciliation project conducted by the Interior Department, using the

contractor services of Arthur Andersen, LLP, in the 1990s.  *See, e.g.,*Principal Brief at 22-28

(description of Interior Department's engagement with Arthur Andersen LLP).  Nevertheless,

ITMA, OHTA, and Plaintiff have expressed openness and receptivity to the possibility that, if

the tribal participants are satisfied with the outcome of the TTFSP, they might be able to agree

upon an extrapolation or some form of adaptation of the TTFSP methodology to address other

time periods and other types of trust-related claims.

    The Cooperative Agreement encompasses two phases to the TTFSP.  Phase I consists of

developing a methodology for utilizing the information contained in the reports prepared by

Arthur Andersen LLP for the seven tribes participating in the Project.  In Phase II, the Phase I

methodology will be made available for use by any interested Indian tribes on a voluntary basis.

As previously reported, in order for the Phase I methodology to be complete or "final," it must

be approved by (a) Plaintiff and the other TTFSP participating tribes, (b) ITMA, through its

Board of Directors, and (c) OHTA.

    B.    Current Status of the TTFSP.

    The Phase I methodology is now complete and pending approval by the seven pilot tribes

and the ITMA Board of Directors.  The last meeting between ITMA and its consultants and

OHTA occurred on June 17 and 18, 2008, in Albuquerque, New Mexico.  At that meeting, the

final draft of the Phase I methodology was presented to representatives of the seven pilot tribes

for their review.  Three of Plaintiff's elected tribal officials (together with Plaintiff's legal

counsel) attended this meeting, as did elected tribal officials or representatives from the six other

pilot tribes.  Representatives of ITMA and OHTA, together with their respective consultants and

legal counsel, provided a detailed explanation of the methodology and answered questions from

the tribal representatives.

On July 8, 2008, the executive director of ITMA and counsel for the Tribe presented the Phase I methodology to the Tribe's Community Development Committee. That Committee unanimously recommended approval of the methodology by the full Colville Business Council, the governing body of the Tribe. On July 10, 2008, the full Colville Business Council unanimously approved the Phase I methodology. In addition to Plaintiff, two other pilot project tribes, the Fort Belknap Indian Community and the Coeur d'Alene Tribe, have also approved the methodology.

ITMA has scheduled a meeting of its Board of Directors on July 30 and 31, 2008, for the Board's consideration of the final Phase I methodology. Assuming all requisite approvals are obtained by the pilot tribes and the OHTA, Phase I of the Project will be complete at this time.

Once the Phase I methodology is fully approved by all interested parties, Plaintiff anticipates engaging in further discussions with Defendants to explore the feasibility of applying the Phase I methodology, or a portion thereof, to Plaintiff's trust accounts as a means to facilitate settlement of Plaintiff's claims in this action.

C.    Status of this Litigation.

Plaintiff filed this case on December 27, 2005. Defendants filed their Answer on April 24, 2006. The proceedings were stayed from July 2, 2007, to December 19, 2007, during the Court's adjudication of Defendants' Motion to Remand and for Stay of Litigation. During the pendency of the stay, the parties negotiated a "Joint Stipulation and [Proposed] Order Regarding Communication, Report, and Work Product Pursuant to Certain Cooperative Agreement and Any Amendments Thereto." The parties filed the Joint Stipulation for the Court's consideration on

– 4 –

October 24, 2007, and the Court approved it by minute order on October 30, 2007.

Pursuant to the Court's Order denying Defendants' Remand Motion, Plaintiff filed its Proposal for Further Proceedings on January 18, 2008 (Dkt. 35). That Proposal suggested that the Tribe continue its participation in Phase I of the Project, that the parties file a joint status report by July 11, 2008, and that the parties be relieved of any obligation to comply with Local Civil Rule 16.3. The Court approved this proposal by minute order on April 17, 2008.

The parties are currently in the process of working to develop a separate joint stipulation and proposed order regarding document and data confidentiality. Discussions between the parties' respective counsel are ongoing.

Since the filing of Plaintiff's Proposal for Further Proceedings, counsel for the parties have had ongoing discussions regarding the Phase I methodology and the status of its approval by the seven pilot tribes. Counsel for the parties have also had preliminary discussions regarding potential application of the methodology once it is approved, specifically application of the "completeness" portion of the methodology.

## II.    PROPOSAL FOR FURTHER PROCEEDINGS

During the past four years, the Plaintiff's elected officials, accountants, and legal counsel have attended numerous meetings and multiple, daylong work sessions in an effort to develop the Phase I methodology. Plaintiff has also invested significant tribal staff resources reviewing tribal documents and associated data to ensure that the draft methodology is as accurate as possible as it relates to those particular trust resources from the which the Plaintiff derives the majority of its trust revenue.

Now that the Phase I methodology is complete and in light of Plaintiff's approval of the

Phase I methodology and ITMA's upcoming meetings to consider the Phase I methodology for approval, the parties respectfully propose the following:

(1)    That the parties file a joint report with the Court by October 17, 2008, that details the final approval status of the Phase I methodology and any discussions, plans, or proposals by the parties to apply the methodology to Plaintiff's claims or to otherwise resolve Plaintiff's claims in this case. The joint report shall also include any additional proposals for further proceedings and, if appropriate, a corresponding schedule.

(2)    That, pending further order of the Court, the parties shall be relieved of any obligation to comply with the requirements of Local Civil Rule 16.3.

Respectfully submitted this 11th day of July, 2008,

RONALD J. TENPAS
Assistant Attorney General

/s/ Allen V. Farber, by
/s/ E. Kenneth Stegeby, pursuant to
written authorization on July 11, 2008         /s/ E. Kenneth Stegeby
ALLEN V. FARBER, DC Bar #912865              ANTHONY P. HOANG, FL Bar #798193
BRIAN L. GUNN, DC Bar #465438                E. KENNETH STEGEBY, DC Bar #474127
Drinker, Biddle & Reath, LLP                 United States Department of Justice
1301 K Street, N.W.                          Environment and Natural Resources Division
Suite 900, East Tower                        Natural Resources Division
Washington, D.C. 20005-3317                  P.O. Box 663
Tel: (202) 230-5000                          Washington, D.C. 20044-0663
Fax: (202) 230-5372                          Tel: (202) 305-0241
                                             Tel: (202) 616-4119
                                             Fax: (202) 353-2021
THOMAS W. CHRISTIE pro hac vice              Attorneys for Defendants
Office of the Reservation Attorney
Confederated Tribes of the Colville Reservation
One Colville Street                          OF COUNSEL:
P.O. Box 150                                 MICHAEL A. BIANCO
Nespelem, WA 99155                           Office of the Solicitor
Tel; (509) 634-2381                          United States Department of the Interior
Attorneys for Plaintiff                      Washington, D.C. 20240

                                             THOMAS KEARNS

Office of the Chief Counsel
Financial Management Service
United States Department of the Treasury
Washington, D.C.  20227